UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RICHARD YARUSSO,

                 Plaintiff,

             -against-

106th RESCUE WING, NEW YORK AIR NATIONAL
GUARD, STATE OF NEW YORK,

                 Defendants.
----------------------------------------------------------X

MEMORANDUM AND ORDER

CV 11-3378

(Wexler, J.)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★   JUN 1 1 2012   ★
LONG ISLAND OFFICE

APPEARANCES:

    LEONARD ZACK & ASSOCIATES
    BY: LEONARD ZACK, ESQ.
    405 Park Avenue, 10th Floor
    New York, New York 10022
    Attorneys for Plaintiff

    ERIC T. SCHNEIDERMAN, ESQ.
    ATTORNEY GENERAL OF THE STATE OF NEW YORK
    BY: SUSAN M. CONNOLLY, ESQ.
    300 Motor Parkway - Suite 205
    Hauppauge, New York 11788
    Attorneys for Defendants

WEXLER, District Judge

    Plaintiff Richard Yarusso ("Plaintiff"), brings this action alleging wrongdoing in connection with his former employment with the Defendant 106th Rescue Wing of the New York Air National Guard (the "106th"). Also named as a Defendant is the State of New York. This matter was commenced in the Supreme Court of the State of New York, County of Suffolk as a proceeding pursuant to Article 78 of the New York Civil Practice Law and Rules ("Article 78"), and was thereafter removed to this court. The basis for removal is Defendants' position that Plaintiff's claim, which is predicated upon the personnel action of the Air National Guard, is

1

inherently military and therefore non-justiciable. That basis of federal jurisdiction is, among others, also a ground for Defendant's present motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the complaint. For the reasons set forth below, the court agrees that this matter is non-justiciable and the complaint is therefore dismissed.

## BACKGROUND

I.  Plaintiff's Employment With the Air National Guard

Prior to his May 2011 discharge, Plaintiff was a member of the 106th for twenty-two years. The highest level position held by Plaintiff was that of Master Sargent with the 106th. Plaintiff's state court Petition[1] refers to a March 5, 2006 letter that he wrote in support of James MacQuill ("MacQuill"), a fellow member of the 106th who filed an official complaint against Plaintiff's supervisor, Lt. Col. Killian ("Killian"). It is alleged that in or around the time that Plaintiff sent the letter regarding MacQuill, Killian selected Master Sargent DeFelice to serve in a position where he would be Plaintiff's supervisor. Felice is alleged to have participated in a scheme, under the influence of Killian, pursuant to which Plaintiff would participate in the de-certification and demotion of his fellow guardsmen. Plaintiff states that he refused to follow the orders of DeFelice, which orders he characterized as improper, corrupt and dishonest. DeFelice is alleged to have thereafter abused his authority by verbally threatening Plaintiff as well as his fellow guardsmen, and subjecting Plaintiff to ridicule, harassment and intimidation. DeFelice's actions are alleged to have been undertaken at the behest of Killian.

In September of 2009, Plaintiff requested a meeting with DeFelice and other officers, including Killian. Killian was not present when the meeting was convened, and it was therefore

---

[1] Plaintiff's state court proceeding was commenced by way of an Article 78 Petition, rather than a complaint.

2

conducted by Major Branker. Shortly after the meeting, Plaintiff was transferred from his position under the supervision of DeFelice, to a position serving under Senior Master Sargent Grassie. The position under Grassie was to last for the remaining six to seven months of Plaintiff's term with the 106th. While under his supervision, Grassie is alleged to have recommended that Plaintiff be reenlisted, or that his current enlistment be extended beyond its term. Killian is alleged to have ignored Grassie's recommendation. Plaintiff alleges that Killian's decision with respect to Plaintiff's employment was made in retaliation for his refusal to participate in what he refers to as the "abuse of authority," by DeFelice and Killian, and not for the good of the unit. Plaintiff asserts that when asked the reason for his action, Killian stated that while Plaintiff had a "stellar" career, he simply needed to act pursuant to the organizational chart and to "shake things up" in the unit. In a memorandum signed by Killian, dated September 11, 2010, Yarusso was informed that the decision declining to reenlist or extend his tour was made "based upon the mission needs of the of the Logistics Readiness Squadron."

On September 25, 2010, Plaintiff filed a complaint with the New York State Office of the Inspector General (the "OIG"). That complaint states Plaintiff's belief that Killian's decision not to reenlist Plaintiff was made in retribution for Yarusso's support of a fellow guardsman. In addition to reciting the facts set forth above, Plaintiff complained that the timing of Killian's decision did not afford Plaintiff sufficient time to try to continue his military career in a different position or to get his financial affairs in order. In a letter dated December 29, 2010, the OIG advised Plaintiff that the issues raised in his compliant were typically not appropriate for that office. It was further stated that the best course was to inform the wing commander and have him refer the complaint to the Adjudant General's office as required under New York State military law.

At or about the same time that Plaintiff filed his complaint of wrongs with the Office of the Inspector General, Plaintiff sent a series of emails to Senior Master Sargent Bolger, which began with inquiring as to how to appeal Killian' decision. Shortly thereafter, in what Defendants characterize as a courtesy, Killian agreed to extend Plaintiff's enlistment for six months beyond his originally scheduled date of separation. Despite this extension, Plaintiff continued to question Bolger about an appeal of Killian's decision. Bolger responded that it was the view of his office that the six month extension was made as an accommodation, but stated that Plaintiff had the right to discuss his options with his command.

On June 13, 2011, Plaintiff was advised by the Air Force Inspector General's Office that his complaint lacked credible evidence of a violation of law, instruction or policy. That letter notes that Plaintiff's six month extension gave him the opportunity to pursue four separate options. Thus, Plaintiff could have, but did not chose to: (1) find a different position within the 106th; (2) find a position with another unit; (3) apply for an additional extension or (4) apply for retirement. Plaintiff makes clear that he knew of his options. He states that he did not exercise these options because he wished to stay in his current position to ensure that none his men suffered the same fate as he.

II. Prior Proceedings

    A. The Article 78 Petition

Plaintiff's Article 78 Petition asserts that Killian's employment decisions with respect to Plaintiff were arbitrary and capricious and made in violation of his "duty to make discretionary decisions in the best interest" of the 106th. The relief sought is re-enlistment in the 106th as well as compensatory and punitive damages, including back pay and benefits.

4

B. Removal and the Motion to Dismiss

As noted, the State Court proceeding was removed by Defendants to this court. Asserted as the ground for federal jurisdiction is the argument that Plaintiff's claim, which is predicated upon the personnel action of the Air National Guard, is inherently military and therefore non-justiciable.

Presently before the court is Defendants' motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants argue that: (1) Plaintiff raises only military personnel issues that are non-justiciable; (2) Defendants are immune from suit under the Feres doctrine; (3) Plaintiff fails to state a claim, and (4) to the extent that any claim is stated, it is time-barred.

After setting forth applicable legal principles the court will turn to the merits of the motion.

DISCUSSION

I. Legal Principles

A. Standards on a Motion to Dismiss

In Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), the Supreme Court rejected the "oft-quoted" standard set forth in Conley v. Gibson, 355 U.S. 41, 78 (1957), that a complaint should not be dismissed, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 45-46. The court discarded the "no set of facts" language in favor of the requirement that plaintiff plead enough facts "to state a claim for relief that is plausible on its face." Twombly, 127 S. Ct. at 1974, see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).

While heightened factual pleading is not the new order of the day, Twombly holds that a "formulaic recitation of the elements of a cause of action will not do. Factual allegations must be

enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Williams v. Berkshire Fin. Grp. Inc., 491 F. Supp.2d 320, 324 (E.D.N.Y. 2007), quoting, Twombly, 127 S. Ct. at 1959. In the context of a motion to dismiss, this court must, as always, assume that all allegations set forth in the complaint are true and draw all inferences in favor of the non-moving party. Watts v. Services for the Underserved, 2007 WL 1651852 *2 (E.D.N.Y. June 6, 2007). The court must ensure, however, that the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1974. A pleading that does nothing more that recite facts and bare legal conclusions is insufficient to "unlock the doors of discovery . . . and only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 129 S. Ct. at 1950. While a Rule 12 motion is directed only to the sufficiency of the pleading, the court determining the motion may rightfully consider written documents attached to the complaint as well as documents incorporated thereto by reference and those of which plaintiff had knowledge and relied upon in commencing the action. See Brass v. Amer. Film Techn., Inc., 987 F.2d 142, 150 (2d Cir. 1993); Watts, 2007 WL 1651852 *2.

B.   Justiciability

The doctrine of intra-military immunity recognized by the Supreme Court in Feres v. United States, 340 U.S. 135, 146 (1950), prohibits members of the armed forces from bringing lawsuits against the government for injuries that "arise out of or are in the course of activity incident to service." Feres, 340 U.S. at 146. The rule prohibiting the judiciary from rendering decisions Constitutionally committed to a different branch of government is grounded in the doctrine of Separation of Powers, and prohibits the judiciary from ruling as to non-justiciable political questions. See Baker v. Carr, 369 U.S. 186 (1962). This doctrine has been applied to

prevent the judiciary from interfering with decisions regarding internal personnel matters of the military, which includes entities such as the Defendant Air National Guard. E.g., Gilligan v. Morgan, 413 U.S. 1 (1973); Dibble v. Fenimore, 339 F.3d 120 (2d Cir. 2003). Thus, the Supreme Court has noted that the judicial branch lacks the power to make decisions as to the "composition, training, equipping and control of a military force." Gilligan, 413 U.S. at 10; see, e.g. Chappell v. Wallace, 462 U.S. 296 (1983).

In Chappell for example, the Court held that the judiciary lacked the power to adjudicate the claim of five enlisted men who alleged that they were given undesirable duties and low performance evaluations on account of their race. Chappell, 462 U.S. at 297. Noting, as it had in the past, the "peculiar and special relationship of the soldier to his superiors," and that "judges are not given the task of running the Army," the Court held that the plaintiff enlisted military personnel could not maintain their lawsuit alleging a Constitutional violation. Chappell, 462 U.S. at 300, 305 (citations omitted). The Second Circuit has ruled specifically that lawsuits brought by members of the military alleging violations of 42 U.S.C. §1983 are barred by this doctrine of intramilitary immunity. Jones v. New York State Division of Military and Naval Affairs, 166 F.3d 45, 51 (2d Cir. 1999); see also Overton v. New York State Div. of Military and Naval Affairs, 373 F.3d 83, 88-89 (2d. Cir. 2004)( Feres doctrine bars members of the military from bringing Title VII employment discrimination suits challenging military employment decisions); Roper v. Department of Army, 832 F.2d 247, 248 (2d Cir. 1987) (same).

The prohibition on judicial review of military decisions is not absolute. Thus, a court may entertain a lawsuit alleging that the military has failed to follow its own mandatory regulations. Jones v. New York State Division of Military and Naval Affairs, 166 F.3d 45, 52 (2d Cir. 1999). When determining whether a lawsuit is justiciable, the court does not focus on the

nature of the relief sought. The issue is not whether Plaintiff seeks purely equitable relief or money damages. Instead, the issue is whether the challenge is to the Constitutionality of a rule of "general applicability," or to a "discrete military personnel decision." Dibble, 339 F.3d at 127 (citations omitted). The latter, which "involve[s] a fact-specific inquiry into an area affecting military order and discipline," is non-justiciable. Id. at 128. Such considerations make courts reluctant to become involved in decisions regarding military personnel decisions. E.g., United States v. Stanley, 483 U.S. 669, 682 (1987); Brown v. Glines, 444 U.S. 348, 360 (1980).

II. Disposition of the Motion

This court recently decided the case of Jones v. 106th Rescue Wing, 2012 WL 1530776 (E.D.N.Y. 2012). As there, a review of the facts in this matter reveals that this case should be dismissed. Plaintiff here complains that the military's decision regarding his employment was wrongfully decided due to the ill will of Killian. As in Jones, the military decision here is "precisely the type of individualized questions that are prohibited from judicial review under the precedent discussed above." Jones, 2012 WL 1530776 *5. Accordingly, the court dismisses Plaintiff's complaint in its entirety.

CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted. The Clerk of the Court is directed to terminate the motion appearing at docket number 29, and to thereafter close the file in this case.

SO ORDERED.

S/LD Wexler

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
June, 11, 2012